UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                                    )
    WW WAREHOUSE, INC. F/K/A/          )        Chapter 11
    WOODWORKERS WAREHOUSE, INC.,       )        Case No. 03-13655 (JBR)
                                          )
_____Debtor_____)

**ORDER ON BANK OF AMERICA'S MOTION FOR RELIEF FROM AND/OR RECONSIDERATION OF THE COURT'S NOVEMBER 12, 2004 AND NOVEMBER 19, 2004 ORDER [SIC] PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 9023 AND 9024**

This matter came before the Court on Bank of America's Motion for Relief From And/Or Reconsideration of the Court's November 12, 2004 and November 19, 2004 Order [Sic] Pursuant to Federal Rules of Bankruptcy Procedure 9023 And 9024 (the "Reconsideration Motion") [Docket # 688]; the Opposition of the Liquidation Manager thereto [Docket # 707]; the Reply of Bank of America [Docket # 719]; the Motion of the Liquidation Manager to Strike the Reply [Docket # 729]; and the Response of Bank of America to the Motion to Strike [Docket # 731]. After due consideration of the foregoing, the Court hereby makes the following findings of fact and conclusions of law:

1. On November 12, 2004 the Court issued its Order on Bank of America's Motion for Reimbursement of Lenders' Fees and Expenses to Secured Creditor Pursuant to 11 U.S.C. § 506(b) (the November 12, 2004 Order") [Docket # 678] and an accompanying Memorandum of Decision (the "Decision") [Docket # 677]; both were entered on the docket on November 15, 2004.

2. On November 18, 2004 Bank of America filed a Motion for Order Temporarily Staying the Obligations under Paragraph 3 of the Court's November 12, 2004 Order (the "Motion for Stay") [Docket # 681], along with a Motion to Shorten Time [Docket #

680], and a letter reiterating some of the points presented in both of the foregoing motions [Docket 3 682]. The Liquidation Manager opposed both motions [Docket # 683].

3. The Court denied the Motion to Shorten Time [Docket # 684] and the Motion for Stay [Docket # 686]. It entered an Amended Order on Bank of America's Motion for Reimbursement of Lenders' Fees and Expenses to Secured Creditor Pursuant to 11 U.S.C. § 506(b) (the "November 19, 2004 Order") [Docket # 685]. The November 19, 2004 Order Amended the November 12, 2004 Order solely to lengthen the time within which funds had to be turned over to the Liquidation Manager from 7 days to 15 days.

4. Two days after entry of the orders referred to in the above paragraph, Bank of America filed its Reconsideration Motion to which the Liquidation manager filed a timely opposition. On December 15, 2004 Bank of America filed its Reply. The Liquidation Manager filed the Motion to Strike on December 17, 2004 and Bank of America responded on December 23, 2004. Thus even assuming that Bank of America had the right to file its Reply and that briefing of this matter was therefore not complete until December 23, 2004, counsel for Bank of America failed to follow the Court's procedure and request a hearing date. No notice of completion of briefing was ever filed.

5. As the parties are aware, this matter has been handled by Judge Joel B. Rosenthal who through December 31, 2004 was authorized to sit as a visiting judge in the United States Bankruptcy Court for the District of Delaware. Had Bank of America followed proper procedure, this matter would have been dealt with in a timely fashion before the expiration of Judge Rosenthal's 2004 appointment.

6. Judge Rosenthal has been reappointed to serve as a visiting judge in the

2

United States Bankruptcy Court for the District of Delaware on specially assigned matters and the instant matter has been assigned to him. Therefore the Court has first-hand knowledge of its original order that required Bank of America to file a fee application, the violation of which is discussed in the Decision and reflected in the November 12, 2004 Order.

7. Although Bank of America argues in its response to the Motion to Strike its Reply that the Reconsideration Motion is both a motion for reconsideration and a separate motion for relief, the relief sought is relief from the November 12 and 19, 2004 Orders. No matter how the Bank chooses to style its Reconsideration Motion (and the Court notes that the caption refers to Rules 9023 and 9024, the two rules deal with what are typically considered to be rules governing reconsideration), it is and will be treated as a motion for reconsideration. In deciding this matter, the Court has read and considered the Reply, however.

8. A motion to reconsider is governed by Fed. R. Civ. P. 59(e) made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023 or Fed. R. Civ. P. 60 made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024. "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. A party may not submit evidence that is not newly discovered in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986) (citations omitted). A motion for reconsideration is appropriate when there has been a significant change in the law or facts since the submission of the issue to the court; it is not a vehicle for an unsuccessful party to rehash the same facts and same arguments previously

3

presented. *Keyes v. National Railroad Passenger*, 766 F. Supp. 277, 280 (E.D.Pa. 1991).

9. The Motion fails to allege any newly discovered evidence, any manifest error of law, or any significant change in the law that would affect the prior outcome. Moreover the movant misstates the facts when arguing that Bank of America was denied the opportunity to supplement the record to add those fees which it was required to disclose but failed to do so. As set forth in the Decision, the Liquidation Manager was aware of the failure to disclose and argued it as a basis for denying the fee application. The hearing on Bank of America's fee application was held 40 days after the Liquidation manager filed his objection. During this time Bank of America did not seek to supplement its application nor did it do so.

10. Similarly its argument that it supplemented its application orally at the hearing mischaracterizes the colloquy that occurred at the hearing. Moreover given the responsibility the Bankruptcy Code imposes upon the Court to review fees for reasonableness, it is ludicrous to believe that such oral supplementation, even if it had occurred, would be sufficient.

11. Bank of America and its counsel were well aware of the Court's final cash collateral order that expressly required the filing of a fee application regarding all fees it *received* post-petition as well as all fees for which it was seeking compensation. *See also In re ACT Mfg., Inc.*, 281 B.R. 468, 481 (Bankr. D. Mass. 2002) (Court expects that *all* professionals seeking compensation from a bankruptcy estate will comply with the requirements without the need for a "do-over") (emphasis added).

12. The Reconsideration Motion is Bank of America's attempt to be excused

4

from the consequences of its own conduct. It took a risk by ignoring the clear language of the final cash collateral order and thus this Court will not vacate its prior orders.

For the foregoing reasons, the Reconsideration Motion is hereby DENIED.

Dated: January 25, 2005

Joel B. Rosenthal
_____
Joel B. Rosenthal
United States Bankruptcy Judge.

5